Drake, Ch. J.,
delivered tbe opinion of the court :
In January, 1869, A. M. Burnham entered into a written contract with the chief quartermaster of the fifth military district of the State of Texas for transportation of military stores and supplies to and -from any and all points in Texas east and northeast of the Brazos River and south of the Red River, except Marshall or Jefferson, Texas, at the rate of $3.43 per 100 pounds per 100 miles freight.
Immediately after the making of this contract it became necessary for the assistant quartermaster at Jefferson to provide transportation for the baggage and stores of Company H, Sixth Cavalry, from Sulphur Springs, Texas, to Jefferson. This being a route terminating at Jefferson, was expressly excepted from the contract, and transportation over it could not have been rightly demanded of Burnham, nor could he have been held responsible for not providing it. Nevertheless he was, by the quartermaster at Jefferson, called upon to furnish it, and verbally agreed to do it, at the rate specified in the contract, .and at the same time presented the claimant to that officer as his agent to make the necessary arrangements; and the claimant was thereafter known to the officer only as Burnham’s agent. In February, 1869, the claimant bore a letter from the quartermaster at Jefferson to the commanding officer of Company II, at Sulphur Springs, transmitting to him a copy of the order for the movement of that company to Jefferson, and informing him that the claimant, aas agent of the contractor,” was instructed to furnish necessary transportation for the company’s baggage and supplies. This letter was delivered by the claimant to the commanding officer of 'the company on the 13th of February, 1869. On the 22d of that month the quartermaster at Jefferson addressed a letter to the claimant, styling him “ agent for contr actor.” Up to this date there is no ground whatever for considering the claimant as anything but Burnham’s agent, known only as such to both the quartermaster at Jefferson and the commanding officer of Company H, at Sulphur Springs.
From this time until the month of April following, nothing .appears in the case in regard to the claimant’s movements and doings or those of Burnham. The claimant then reappears in a new character.
*147 On tbe second of that month, E. P. Colby, the post quartermaster at Greenville, issued a requisition, not upon Burn-ham or the claimant by name, but upon u the Allen Carr and connecting lines,” for the transportation from Sididiur Springs to Jefferson of the property and baggage of Company H and its officers, at a freight of $(>.75 per 100 pounds for the trip, which was nearly double the price that Burnham had agreed to do such work for, upon a computed distance of 100 miles between the two points, and more than double that price on the distance of 90 miles, found by the court to be the true distance; and on the 8th of that month the claimant signed in his own name, and not as agent fox Burnham, a bill of lading of the property and baggage, stipulating for its delivery at Jefferson, and for freight at the rate specified hi the requisition. On the same day the post quartermaster at Greenville issued to the claimant a voucher for the transxiortation at that rate.
The property was duly delivered at Jefferson, and the quartermaster there having refused to pay the rate stipulated in the voucher, or any more than that agreed upon by Burnham, this suit is brought to recover the voucher rate.
In some views of the case it might be important to consider whether the claimant, shown to have been the agent of Burn-ham, is the proper party to maintain this action; but under the circumstances we lay this question aside. The transportation was done under a receipt signed by the claimant as an individual, and it has not been paid for, and Burnham has never sued for it, and the time for him to sue has elapsed. That Burnham was the principal and the claimant his agent, is very certain; but it does not distinctly appear that this ivas known to Quartermaster Colby. We may, therefore, without wrong to any party, waive the question as to whether the right of action is strictly in the claimant, and regard him as, in effect, Burnham the principal, bound by the same obligations, and subject to the same liabilities, as wordd rest upon the latter were he the claimant.
So treating the case, we consider the claimant entitled to recover, but not at the rate of compensation claimed by him. Though Colby may not have known that he was acting as Burn-ham’s agent, the claimant himself knew it; and whether the claimant knew or. not that Burnham had agreed to perform the transportation for $3.43 per TOO pounds per 100 miles, he as *148 agent was bound, by that agreement. When, therefore, Colby, unaware, perhaps, of Burnham’s agreement, stipulated for the higher rate, that could hare no effect to set aside that agreement and subject the government to the payment of that rate. Had Burnham brought this suit, he would have been entitled only to a judgment for the transportation of the property and ' baggage 90 miles at the rate of $3.43 per 100 pounds per 100 ■ miles, amounting upon 37,412 pounds to $1,154.56. For that sum judgment will be entered for the claimant.